**The below described is SIGNED.**

**Dated: December 10, 2009**

**JUDITH A. BOULDEN
U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re<br>C.W. MINING COMPANY, dba Co-Op Mining Company,<br>　　　　　Debtor. | Bankruptcy No. 08-20105 JAB<br>(Chapter 7) |
| KENNETH A. RUSHTON, Chapter 7 Trustee,<br>　　　　　Plaintiff,<br>　vs.<br>C.O.P. COAL DEVELOPMENT COMPANY, HIAWATHA COAL COMPANY, INC., and ANR, INC., PAUL KINGSTON, an individual, JOSEPH O KINGSTON, an individual, and CHARLES REYNOLDS, an individual, MARK REYNOLDS, an individual, JOHN DAVID KINGSTON, JR., an individual, WORLD ENTERPRISES, STANDARD INDUSTRIES, INC., FIDELITY FUNDING COMPANY, SECURITY FUNDING, INC., ABM, INC.,<br>　　　　　Defendants. | **ORDER AND JUDGMENT ON TRUSTEE'S OBJECTION TO C.O.P. COAL DEVELOPMENT COMPANY'S PROOF OF CLAIM NO. 9, PROOF OF CURE CLAIM NO. 26 AND TRUSTEE'S FIRST, THIRD AND FOURTH CLAIMS FOR RELIEF AGAINST C.O.P. COAL DEVELOPMENT COMPANY IN ADVERSARY PROCEEDING #09-2248**<br><br>Adversary Proceeding No.<br>09-02248<br><br>[filed electronically] |

Filed: 11/25/09

The Court conducted a trial on October 26, 27 and 28, 2009, with respect to the Trustee's Objection (the "Objection") to C.O.P. Coal Development Company's ("COP") Cure Claim Under March 1997 Coal Operating Agreement (Claim No. 26), COP's Proof of Claim No. 9 and Claims for Relief 1, 3 and 4 in adversary proceeding #09-2248. Michael N. Zundel and James C. Swindler of the firm of Prince, Yeates and Geldzahler appeared on behalf of the Trustee. Kim R. Wilson and P. Matthew Cox of the firm of Snow Christensen & Martineau appeared on behalf of COP The Court has thoroughly reviewed the pleadings, considered the evidence properly before it, assessed the credibility of the witnesses, considered the arguments of counsel, and conducted an independent review of applicable law and accordingly issued its Findings of Fact and Conclusions of Law [main docket #1000]. For the reasons stated in the Findings of Fact and Conclusions of Law, it is hereby ORDERED AND ADJUDGED as follows:

1. COP's Cure Claim Under March 1997 Coal Operating Agreement (Claim No. 26) is allowed in the amount of $1,320,930.89 (subject to any setoff permitted by subsequent ruling of the Court). In all other respects, COP's Cure Claim is disallowed.

2. COP's claim based on Proof of Claim No. 9 is entirely duplicative of Claim No. 26 and is disallowed in its entirety if the Cure Claim is paid and/or satisfied by setoff. In the event the March 1997 Coal Operating Agreement is not ultimately assumed and the Cure Claim is therefore not satisfied, COP's Claim No. 9 is allowed in the

following two components: (a) as a general unsecured claim (subject to any setoff permitted by subsequent ruling of the Court) in the amount of $833,906.28, and (b) as a priority unsecured claim in the amount of $487,023.80 under 11 U.S.C. § 507(a)(3) (subject to any setoff permitted by subsequent ruling of the Court).

3. Judgment is granted on the First Claim for Relief consistent with the foregoing.

4. As a sanction for failing to provide discovery timely and in good faith the Court orders COP to pay all of the Trustee's attorney fees and expenses associated with the Objection, discovery and trial, including the First Claim for Relief, with the amount of attorney fees and expenses to be determined by separate order of the Court. COP shall not be permitted to offset the amount ordered to be paid hereunder against any claim COP may have against the estate.

5. Judgment is granted on the Third Claim for Relief pursuant to 11 U.S.C. § 548 avoiding any and all obligations incurred by the Debtor under the January 5 and 6, 2008 letter agreements between COP and the Debtor and the January 6, 2008 Coal Operating Agreement between COP and the Debtor. In addition, those three agreements are declared of no legal effect and avoided by reason of the fact that they were entered into in violation of the United States District Court's Supplemental Order in Aid of Enforcement of Judgment entered on December 19, 2007.

6. The Fourth Claim for relief is dismissed.

7. COP's motions for summary judgment designated as docket #836 and docket #837 in adversary proceeding #09-2248 are denied.

------------------------------------------END OF DOCUMENT------------------------------------

*Prepared and submitted by:*

Michael N. Zundel (#3755) mnz@princeyeates.com
James C. Swindler (#3177) jcs@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
175 East 400 South, Suite 900
Salt Lake City, UT 84111
Telephone: (801) 524-1000
E-mail: jcs@princeyeates.com

Attorneys for Trustee Kenneth A. Rushton

## CERTIFICATE OF SERVICE

I certify that on the 25th day of November, 2009, I caused to be served the foregoing via ECF to the following:

> Kim R. Wilson
> P. Matthew Cox
> Snow, Christensen & Martineau
> 10 Exchange Place, Eleventh Floor
> Salt Lake City, UT 84145

And via regular mail to the following:

> F. Mark Hansen
> F. Mark Hansen, P.C.
> 431 North 1300 West
> Salt Lake City, UT 84116

/s/ James C. Swindler

## CLERK'S CERTIFICATE

The undersigned certifies that a copy of the foregoing Order was served on the following persons by mail on the ___ day of _____, 2009, addressed as follows:

    Michael N. Zundel
    James C. Swindler
    175 East 400 South, Suite 900
    Salt Lake City, UT 84111

    F. Mark Hansen
    F. Mark Hansen, P.C.
    431 North 1300 West
    Salt Lake City, UT 84116

    Kim R. Wilson
    P. Matthew Cox
    Snow, Christensen & Martineau
    10 Exchange Place, Eleventh Floor
    Salt Lake City, UT 84145

    _____