**The below described is SIGNED.**

**Dated: October 25, 2010**

*R. Kimball Mosier* (signature)
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



___

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>C. W. MINING COMPANY, *dba* Co-Op Mining Company,<br><br>Debtor. | Bankruptcy Number: 08-20105<br><br>Chapter 7 |
| KENNETH A. RUSHTON, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>C.O.P COAL DEVELOPMENT COMPANY, et.al.,<br><br>Defendant. | Adversary Proceeding No. 09-2248<br><br>Judge R. Kimball Mosier |

## MEMORANDUM OPINION REGARDING SANCTIONS

On January 10, 2009, this Court ordered that C.O.P. Coal Development Company

("COP") shall pay the attorney fees and expenses of Kenneth A. Rushton, chapter 7 trustee

("Trustee") associated with the Trustee's objection, discovery and trial, as a sanction for failing

to provide discovery timely and in good faith. The order provided that the amount of the

attorney fees and expenses to be awarded was to be determined by separate order of the Court. The Trustee filed a request for entry of judgment for the attorney fees and expenses which came before the Court on June 3, 2010. Michael N. Zundel and James Swindler of Prince, Yeates & Geldzahler appeared on behalf of the Trustee, Brent D. Wride of Ray Quinney & Nebeker appeared on behalf of Aquilla, Inc., Kim R. Wilson and P. Matthew Cox appeared on behalf of COP et. al., Peter W. Guyon appeared on behalf of Hiawatha Coal Co., Inc., David E. Kingston appeared on behalf of ANR, Inc., and John Morgan appeared on behalf of the United States Trustee. Having considered the argument of counsel and the pleadings, the Court issues the following opinion.

## FACTS

On May 5, 2009, COP filed a document in the C. W. Mining Company bankruptcy proceeding entitled "COP Coal Development Company's Proof of 'Cure Claim' in Response to Order Establishing Bar Date for Cure Claims". The Trustee objected to COP's cure claim and commenced this adversary proceeding arguing that certain documents supporting COP's cure claim were recent fabrications. An expedited trial in the adversary proceeding was ordered, and certain discovery deadlines were shortened including a September 4, 2009, discovery completion deadline and a September 9, 2009, deadline for service of expert witness reports. Although discovery was exchanged between the parties, on September 14, 2009, the Trustee filed a motion in limine and a motion for sanctions against COP (main case Docket No. 906) claiming that COP's initial disclosure, responses to discovery requests and responses during deposition were inadequate, and that COP withheld evidence from the Trustee. The Trustee's motion in limine sought to exclude the testimony of COP's expert, Albert Lyter, a forensic expert who COP intended to use as a an expert to testify with respect to the age of a certain document.

After considering the motion in limine, the Court, by separate order, ruled that: 1) the expert testimony and expert report of Albert Lyter be excluded; and 2) that the Trustee would be

2

awarded attorney fees and expenses as a sanction for COP's failure to provide discovery timely and in good faith. The Order awarding attorney fees and expenses as a sanction was entered on December 10, 2009. The Trustee now seeks a judgment on the sanctions in the amount of $159,456.30. COP objects arguing that the amount sought by the Trustee is excessive.

## **Award of Sanctions**

A court always has discretion to sanction a party for failure to comply with federal procedural rules, *AdvantEdge Business Group v. Mestmaker & Associates, Inc.*, 552 F.3d 1233 (10th Cir. 2009), however, that discretion is not without limits.

> Rule 37(b)(2) contains two standards – one general and one specific – that limit a court's discretion. First, any sanction must be "just"; second, the sanction must be specifically related to the particular "claim" which was at issue in the order to provide discovery. While the latter requirement reflects the rule of *Hammond Packing,* [212 U.S. 322 (1909)], the former represents the general due process restrictions on the court's discretion.

*Insurance Corp. Of Ireland, LTD. et. al., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982). The determination of what is the correct sanction for a discovery violation is a fact-specific inquiry. *Ehrenhaus v. Reymolds*, 965 F.2d 916, 920 (10th Cir. 1992). The determination of any sanction should include a consideration of the totality of circumstances, *Toma v. City of Weatherford*, 846 F.2d 58, 60 (10th Cir.1988). As a general rule, a severe sanction is not warranted if a lesser sanction would be just as effective. *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993).

Considering the totality of circumstances in this case, the Court weighs the following facts: 1) COP failed to timely and in good faith disclose required information to the Trustee; 2) the Trustee filed a motion for sanctions seeking to have COP's expert's testimony and report excluded from the trial; 3) the Trustee's motion for sanctions also sought an award of fees and

3

expenses; 4) the Court granted the Trustee's motion in limine and, as a sanction, ordered that COP's expert not be permitted to testify at trial and that COP's expert report be excluded from evidence; and 5) the Court ordered that the Trustee be awarded his attorney fees and expenses.

The judgment sought by the Trustee includes all of the Trustee's attorney fees and all of the Trustee's accountants fees that have been incurred since the filing of adversary proceeding 09-2248 on May 6, 2009 through March 2010 without regard to the question of whether or not the fees were caused by COP's failure to timely and in good faith disclose the required information. Given the totality of the circumstances, such an award would be too severe, would be unjust and would exceed the remedy contemplated under Rule 37(b)(2)(C).

**The Fee Request**

In support of the Trustee's request for attorney fees, the Trustee has submitted a twelve page billing statement that itemizes the attorney fees and expenses incurred by the Trustee in conjunction with this adversary proceeding from May 6, 2009 through February 18, 2010. The request seeks attorney fees totaling $107,572.00 and expenses of $1,118.30 for a total of $108,690.30[1]. Because the Court's discretion is limited to awarding sanctions that are specifically related to the "claim" which in this case was COP's failure to provide discovery timely and in good faith, the Trustee may only be awarded its attorney fees and costs that were "caused" by COP's failure to provide the discovery timely and in good faith. The Court has throughly reviewed the Trustee's itemized fee application and has identified the following time entries that appear to have been "caused" by COP's discovery violation: A) 5 separate time entries by MNZ itemizing 2.9 hours at the billing rate of $305/hour for a total of $884.50; B) 20

---

[1]The request also seeks an award of accountant's fees totaling $50,766.00.

4

separate time entries by JCS itemizing 39.8 hours at the billing rate of $285/hour for a total of $11,343.00; and  C) 1 time entry by NRP itemizing .8 hour at the billing rate of $105/hour for a total of $84.00.  The combined entries that appear to have been "caused" by COP's failure to provide discovery total $12,311.50.  To that, the Court will add one-half of the cost of the transcript $247.00 for a total sanction award of $12,558.50.  Because the Order of December 10, 2009 awarded only *attorney* fees and expenses, no accountant fees or expenses will be awarded.

---------------------------------------------END OF DOCUMENT-------------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Memorandum Opinion Regarding Sanctions** will be effected through the Bankruptcy Noticing Center to the following parties.

Michael N. Zundel  
James Swindler  
Prince Yeates & Geldzahler  
City Centre I, Suite 900  
175 East 400 South  
Salt Lake City, UT 84111  

Kenneth A. Rushton  
P.O. Box 212  
Lehi, UT 84043  

Peter W. Guyon  
614 Newhouse Building  
10 Exchange Place  
Salt Lake City, UT 84111  

Kim R. Wilson  
R. Matthew Cox  
Snow Christensen & Martineau  
10 Exchange Place, 11th Floor  
Salt Lake City, UT 84111  

David E. Kingston  
3212 South State Street  
Salt Lake City, UT 84115  

Russell E. Walker  
Woodbury & Kesler  
265 East 100 South, Suite 300  
Salt Lake City, UT 84111  

John T. Morgan  
Office of the United States Trustee  
Ken Garff Building  
9 Exchange Place, Suite 100  
Salt Lake City, UT 84111  

Brent D. Wride  
Ray Quinney & Nebeker  
36 South State Street, #1400  
Salt Lake City, UT 84111